# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| TAMMY SUE SNAVELY, | CASE NO. 00-64160 |
| Debtor. | ADV. NO. 07-6009 |
| JOSIAH L. MASON, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION) |
| TAMMY SUE SNAVELY, | |
| Defendant. | |

Trustee-plaintiff Josiah L. Mason ("Trustee") filed a motion for summary judgment on June 6, 2007 under Fed. R. Bankr. P. 7056. In the motion, Trustee alleges debtor failed to fully turnover non-exempt assets in accordance with a court order issued in the main case. No response to the motion was filed.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(J). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 7 case on December 7, 2000 and received a discharge on April 4, 2001. On April 17, 2001, the court entered an order directing debtor to pay Trustee a total of $2,324.28. Debtor was permitted to pay the amount in $100.00 installments, beginning on March 1, 2001, with the balance to be paid upon receipt of her 2001 tax refund. On January 1, 2007, Trustee filed an adversary proceeding seeking to revoke debtor's discharge under 11 U.S.C. § 727(d) for failing to comply with the terms of the order. Debtor filed a late answer to the complaint on May 21, 2007.

According to an affidavit filed by Trustee, the following payments were made on the amount owed:

| $   175.00 | (Date unknown) |
| $1,000.00 | On or about April 27, 2004 |
| $   500.00 | On or about March 29, 2007 |

Thus, the sum of $1,675.00 has been paid on the $2,324.28 obligation.

## DISCUSSION

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); *see also* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

Trustee does not cite the provision under which he proceeds, but the court interprets the motion to be made pursuant to 11 U.S.C. § 727(d)(3). In accordance with 11 U.S.C. § 727(a)(6), this provision provides that a court may revoke a debtor's discharge if

> The debtor has refused, in the case--
>
> (A)   to obey a lawful order of the court, other than an order to respond to a material question or to testify . . . .

On section 727(d) actions, Trustee bears the burden of proof by a preponderance of the evidence. *See* Sicherman v. Rivera (In re Rivera), 356 B.R. 786 (unpublished) (citing

Keeney v. Smith (In re Keeney), 227 F.3d 679, 683 (6th Cir. 2000); Hamo v. Wilson (In re Hamo), 223 B.R. 718, 724 (B.A.P. 6th Cir. 1999). 'Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation.' Humphreys v. Stedham (In re Stedham), 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005) (quoting Buckeye Retirement Co. v. Heil (In re Heil), 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003)).

Clearly, the April 17, 2001 order was a lawful order of the court. Trustee, through his affidavit, established that, although debtor paid a portion of the amount owed to the estate, she has not paid the amount in full. The sworn facts set forth by Trustee are undisputed. Therefore, the court finds that no genuine issues of material fact exist and that Trustee is entitled to a judgment as a matter of law under section 727(d)(3). *See* Davis v. Stevens (Stevens), 2007 WL 2079717 (Bankr. N.D. Ohio 2007) (slip opinion).

An order in accordance with this opinion shall be entered forthwith.

AUG - 6 2007

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Josiah L. Mason
P.O. Box 345
153 W. Main St.
Ashland, OH 44805-2219

Dale M. Musilli
105 Sturges Ave.
Mansfield, OH 44903

Tammy Sue Snavely
2024 Willowood Dr., N.
Mansfield, OH 44906-1764